UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM R. ROSA, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MANDARICH LAW GROUP, LLP; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, WILLIAM R. ROSA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, MANDARICH LAW GROUP, LLP ("MLG"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

2.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

3.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

4.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

5.      Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      MLG is a foreign limited liability partnership which maintains a location at 5965 Transit Road, Suite 500, East Amherst, New York 15041.

7.      MLG is a foreign limited liability partnership which accepts service of process at 9200 Oakdale Avenue, Suite 601, Chatsworth, California, 91311.

8.      MLG uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      MLG is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from MLG, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except

that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     Sometime prior to January 25, 2022, Plaintiff allegedly incurred a financial obligation debt to Citibank N.A. ("Citibank").

16.     The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     Plaintiff allegedly incurred the CITIBANK obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

18.     Plaintiff did not incur the CITIBANK obligation for business purposes.

19.     The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     At some time prior to January 25, 2022 the CITIBANK obligation was assigned to Cavalry SPV I, LLC ("Cavalry").

22.     On or before January 25, 2022, CAVALRY referred the CITIBANK obligation to MLG for the purpose of collections.

23.     At the time CAVALRY referred the CITI obligation to MLG, the obligation was past due.

24.     At the time CAVALRY referred the CITI obligation to MLG, the obligation was in default.

25.     MLG caused to be delivered to Plaintiff a letter dated January 25, 2022,  **Exhibit A,** which is fully incorporated herein by reference.

26.     The January 25, 2022 letter was sent to Plaintiff, "C/O" Plaintiff's law firm, in connection with the collection of the CITI obligation wherein Plaintiff's law firm forwarded it to Plaintiff.

27.     The January 25, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     Upon receipt, Plaintiff read the January 25, 2022 letter.

29.     Plaintiff is not responsible for the CITI obligation attempting to be collected in the January 25, 2022 letter.

30.     The January 25, 2022 letter stated, in relevant part: "**Date of Last Payment:**

**August 11, 2019**".

31.     Plaintiff never made a payment related to the CITI obligation.

32.     The January 25, 2022 letter further stated, in relevant part:

Dear WILLIAM R ROSA:

You have indicated that you may be the victim of identity theft. To assist us in our investigation of your claim, please complete and return the enclosed Identify Theft Affidavit and provide a copy of any police report filed by you alleging that you are the victim of an identity theft crime for the account at issue. Please also provide our office with the following documentation, to the extent such documentation is relevant to your claim of identity theft:

- Copy of your social security card;
- Copy of a valid state identification card or valid driver's license;
- Proof of residency when the account was incurred.

33.     The January 25, 2022 letter enclosed 5 separate pages wherein the first 4 pages are

entitled "ID Theft Affidavit", and the fifth page is entitled "Fraudulent Account Statement".

34.     Page 4 of the "ID Theft Affidavit" includes space for a notary's signature.

35.     New York General Business Law ("GLB") Article 29-HH, § 604-a does not set

forth a notarization requirement.

36.     Plaintiff has rights and Defendant has obligations related to identity theft pursuant

to 15 U.S.C. § 1681m(g):

> **(g) Debt collector communications concerning identity theft.** If a person acting as a debt collector (as that term is defined in title VIII [15 USCS §§ 1692 et seq.]) on behalf of a third party that is a creditor or other user of a consumer report is notified that any information relating to a debt that the person is attempting to collect may be fraudulent or may be the result of identity theft, that person shall—
> **(1)** notify the third party that the information may be fraudulent or may be the result of identity theft; and
> **(2)** upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the

consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

37.     Defendant's January 25, 2022 letter places undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

38.     Under the FDCPA, Plaintiff and others similarly situated are afforded the right to be free from such abusive, deceptive, and unfair debt collection practices.

## POLICIES AND PRACTICES COMPLAINED OF

39.     It is MLG's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)     Making a false representation of the character, amount, or legal status of any debt;

    (b)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

40.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 40 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e *et seq*.  VIOLATIONS

41.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43.     As described herein, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

44.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

45.     Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

46.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from using a false representation of the character, amount, or legal status of any debt.

47.     Defendants violated Section 1692e(2)(A) as Plaintiff is not responsible for the CITIBANK obligation set forth in the January 25, 2022 letter.

48.     Defendants violated Section 1692e(2)(A) as there is no notarization requirement under GBL § 604 *et seq.*

49.     Defendants violated Section 1692e(2)(A) in its January 25, 2022 letter by stating: "…To assist us in our investigation of your claim, please complete and return the enclosed Identity Theft Affidavit and provide a copy of any police report filed by you alleging that you are the victim of an identity theft crime for the account at issue. Please also provide our office with the following documentation, to the extent such documentation is relevant to your claim of identity theft…" as it falsely represents whether Defendant has the authority to be the final arbiter of whether Plaintiff is/is not responsible for the debt.

50.     Defendants violated Section 1692e(2)(A) in its January 25, 2022 letter by placing undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

51.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

52.     Defendants violated Section 1692e(10) as Plaintiff is not responsible for the CITI obligation set forth in the September 1, 2021 letter.

53.     Defendants violated Section 1692e(10) as there is no notarization requirement under GBL § 604 *et seq.*

54.     Defendants violated Section 1692e(10) in its January 25, 2022 letter by stating: "…To assist us in our investigation of your claim, please complete and return the enclosed Identity Theft Affidavit and provide a copy of any police report filed by you alleging that you are the victim of an identity theft crime for the account at issue. Please also provide our office with the following documentation, to the extent such documentation is relevant to your claim of identity theft…" as it falsely represents whether Defendant has the authority to be the final arbiter of whether Plaintiff is/is not responsible for the debt.

55.     Defendants violated Section 1692e(10) in its January 25, 2022 letter by placing undue burdens on Plaintiff not permitted or contemplated by 15 U.S.C. § 1681m(g).

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f *et seq.*  VIOLATIONS

56.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57.     As described herein, Defendant engaged in unfair and unconscionable means to collect or attempt to collect any debt in violation of 1692f, and 1692f(1).

58.     Defendants' unfair and unconscionable means to collect or attempt to collect any debt is material to the least sophisticated consumer.

59.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

60.     Section 1692f(1) prohibits a debt collector from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

61.     Defendants violated Section 1692f(1) as there is no agreement creating the CITI obligation.

62.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

63.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

64.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

65.     Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

66.     Plaintiff and others similarly situated have suffered harm redressable under the FDCPA as a direct result of the abusive, deceptive and unfair collection practices described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: June 6, 2022

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.
jkj@legaljones.com

_s/ Benjamin J. Wolf_
Benjamin J. Wolf, Esq.
bwolf@legaljones.com
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 6, 2022

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# EXHIBIT A

*Name*
Please Reply To:
P.O. Box 109032
Chicago, IL 60610
P: 877.285.4918
F: 818.888.1260
www.mandarichlaw.com
You may also contact us via email at
INFO@MANDARICHLAW.COM

*Phone number*

# MANDARICH LAW GROUP, LLP

*Attorneys at Law*

Page 1

THIS LAW FIRM EMPLOYS ONE OR
MORE ATTORNEYS ADMITTED TO
PRACTICE IN THE FOLLOWING STATES:
Alaska, California, District of
Columbia, Florida, Georgia, Idaho,
Illinois, Iowa, Kansas, Michigan,
Missouri, Nebraska, Nevada, New
York, North Carolina, Ohio, Oregon,
South Carolina, Virginia, Washington
OF COUNSEL
Thomas M. McGreal (CA, HI)

January 25, 2022

C/O Jones, Wolf & Kapasi LLC
60 East 42nd St., 46th Floor
New York NY 10165

RE:   CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, N.A  v. WILLIAM R ROSA
      Date of Last Payment: August 11, 2019

Dear WILLIAM R ROSA:

You have indicated that you may be the victim of identity theft. To assist us in our investigation of your claim, please complete and return the enclosed Identify Theft Affidavit and provide a copy of any police report filed by you alleging that you are the victim of an identity theft crime for the account at issue. Please also provide our office with the following documentation, to the extent such documentation is relevant to your claim of identity theft:

- Copy of your social security card;
- Copy of a valid state identification card or valid driver's license;
- Proof of residency when the account was incurred.

If you have any questions, feel free to contact Collection Supervisor, Keith Gibbons, of our office toll-free at 833.769-.2757.

This communication is from a debt collector.

Thank you,

**Mandarich Law Group, LLP**

**NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 2079588-
DCA.**



Name_____Phone number_____*Page 1*

# ID Theft Affidavit

**Victim Information**

(1) My full legal name is _____
         (First)          (Middle)          (Last)          (Jr., Sr., III)

(2) (If different from above) When the events described in this affidavit took place, I was known as

_____
(First)                (Middle)                (Last)                    (Jr., Sr., III)

(3) My date of birth is _____
                         (day/month/year)

(4) My Social Security number is_____

(5) My driver's license or identification card state and number are_____

(6) My current address is _____

City _____ State_____Zip Code _____

(1) I have lived at this address since _____
                                        (month/year)

(2) (If different from above) When the events described in this affidavit took place, my address was

_____

City _____ State                    Zip Code

                                          _____         _____

(1) I lived at the address in Item 8 from _____ until _____
                                          (month/year)        (month/year)

(1) My daytime telephone number is (____)_____

My evening telephone number is (____)_____

Name_____Phone number_____Page 2

## How the Fraud Occurred

**Check all that apply for items 11 - 17:**

(1) ❑  I did not authorize anyone to use my name or personal information to seek the money, credit, loans, goods or services described in this report.

(2) ❑  I did not receive any benefit, money, goods or services as a result of the events described in this report.

(3) ❑  My identification documents (for example, credit cards; birth certificate; driver's license; Social Security card; etc.) were ❑ stolen ❑ lost  on or about_____.
(day/month/year)

(4) ❑  To the best of my knowledge and belief, the following person(s) used my information (for example, my name, address, date of birth, existing account numbers, Social Security number, mother's maiden name, etc.) or identification documents to get money, credit, loans, goods or services without my knowledge or authorization:

_____          _____
Name  (if known)                                        Name  (if known)

_____          _____
Address (if known)                                      Address (if known)

_____          _____
Phone number(s) (if known)                          Phone number(s) (if known)

_____          _____
Additional information (if known)                    Additional information (if known)

(5) ❑  I do NOT know who used my information or identification documents to get money, credit, loans, goods or services without my knowledge or authorization.

(6) ❑  Additional comments:  (For example, description of the fraud, which documents or information were used or how the identity thief gained access to your information.)

_____

_____

_____

_____

(Attach additional pages as necessary.)

*Name* _____ *Phone number*_____ *Page 3*

## Victim's Law Enforcement Actions

(1)  (check one)  I  ❑ am  ❑ am not   willing to assist in the prosecution of the person(s) who committed this fraud.

(2)  (check one)  I  ❑ am   ❑ am not   authorizing the release of this information to law enforcement for the purpose of assisting them in the investigation and prosecution of the person(s) who committed this fraud.

(3)  (check all that apply)  I  ❑ have   ❑ have not   reported the events described in this affidavit to the police or other law enforcement agency. The police   ❑ did   ❑ did not   write a report. *In the event you have contacted the police or other law enforcement agency, please complete the following:*

_____
**(Agency #1)**

_____
(Date of report)

_____
(Phone number)

_____
(Officer/Agency personnel taking report)

_____
(Report number, if any)

_____
(email address, if any)


_____
**(Agency #2)**

_____
(Date of report)

_____
(Phone number)

_____
(Officer/Agency personnel taking report)

_____
(Report number, if any)

_____
(email address, if any)

## Documentation Checklist

Please indicate the supporting documentation you are able to provide to substantiate your claim of identity theft. Attach copies (NOT originals) to the affidavit before sending.

(4)  ❑  A copy of a valid government-issued photo-identification card (for example, your driver's license, state-issued ID card or your passport). If you are under 16 and don't have a photo-ID, you may submit a copy of your birth certificate or a copy of your official school records showing your enrollment and place of residence.

(5)  ❑  Proof of residency during the time the disputed bill occurred, the loan was made or the other event took place (for example, a rental/lease agreement in your name, a copy of a utility bill or a copy of an insurance bill).

*Name* _____ *Phone number*_____Page 4

(1)  ☐   A copy of the report you filed with the police or sheriff's department. If you are unable to obtain a report or report number from the police, please indicate that in Item 19.

## Signature

I certify that, to the best of my knowledge and belief, all the information on and attached to this affidavit is true, correct, and complete and made in good faith. I also understand that is affidavit or the information it contains may be made available to federal, state, and/or local law enforcement agencies for such action within their jurisdiction as they deem appropriate. I understand that knowingly making any false or fraudulent statement or representation to the government may constitute a violation of 18 U.S.C. §1001 or other federal, state, or local criminal statutes, and may result in imposition of a fine or imprisonment or both.

_____                    _____
(signature)                                             (date signed)

_____
(Notary)

*[Please have one witness (non-relative) or notary sign below that you completed and signed this affidavit.]*

**Witness:**

_____                    _____
(signature)                                             (printed name)

_____                    _____
(date)                                                  (telephone number)

*Name* _____ *Phone number* _____ Page 5

# Fraudulent Account Statement

+-----------------------------------------------------------------------+
| **Completing this Statement**                                         |
| • List only the account(s) you're disputing with our office. **See the example below.** |
+-----------------------------------------------------------------------+

**I declare (check all that apply):**

❑   As a result of the event(s) described in the ID Theft Affidavit, the following account(s) was/were opened in my name without my knowledge, permission or authorization using my personal information or identifying documents:

| Creditor      Name/Address (the company that opened the account or provided the goods or services) | Account Number | Type of unauthorized credit/goods/services provided by creditor (if known) | Date issued or opened (if known) | Amount/Value provided (the amount charged or the cost of the goods/services) |
|---|---|---|---|---|
| Example Example National Bank 22 Main Street Columbus, Ohio 22722 | 01234567-89 | auto loan | 01/05/2002 | $25,500.00 |
|  |  |  |  |  |
|  |  |  |  |  |

❑   During the time of the accounts described above, I had the following account(s) open with the creditor:

Billing name _____

Billing address_____

Account number _____